**FILED**

*1:55 pm, 9/24/21*

**Margaret Botkins
Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| VS. | Case Nos. 19-CR-00026-ABJ |
| | 21-CR-00014-ABJ |
| JUSTIN HERMAN, CHARLES WINTERS JR., and IAN HORN, | |
| Defendants. | |

## ORDER ON MOTION TO COMPEL DISCOVERY

THIS MATTER comes before the Court on Defendant Justin Herman's Motion to Compel Discovery of Rule 16 And Brady Material in the Possession of Other Agencies (19-CR-26, ECF No. 320). Defendants Ian Horn and Charles Winters joined the motion verbally during a status conference on September 20, 2021. The Government orally responded to the motion during the September 20, 2021, status conference and filed a response on September 23, 2021. *See* ECF No. 344. The parties presented additional arguments during a hearing on September 23, 2021. Having reviewed the filings, applicable law, and being otherwise fully advised, the Court finds as follows: Defendants' Motion to Compel Discovery of Rule 16 And Brady Material in the Possession of Other Agencies (19-CR-26, ECF No. 320) is **DENIED**.

## BACKGROUND

This case arises out of an alleged securities fraud scheme. *See* ECF No. 65. Defendants are Justin Wallace Herman, Charles Winifred Winters, and Ian Horn. *Id.*

The Government brought nineteen related charges, seven of which are against the Defendants in this case. *Id.* at 7–22. Two additional charges of False Declaration Before Grand Jury were brought against one of the Defendants, Ian Horn, under a separate indictment which was joined with the indictment in this case. *See* ECF No. 195. Count 13, Conspiracy to Commit Securities Fraud, Count 14, Securities Fraud and Aiding and Abetting, and Count 15, Conspiracy to Commit Wire Fraud, are brought against all three Defendants. ECF No. 65 at 7–21. Counts 16 and 17, Aggravated Identity Theft, are brought against Defendants Herman and Winters. *Id.* at 21. Counts 18 and 19, Aggravated Identity Theft, are brought against Defendant Herman. *Id.* at 22.

## DISCUSSION

Defendants request the Court to compel the Government to provide documents in the possession of the U.S. Securities and Exchange Commission ("SEC") regarding High Plains Gas, Inc. ("HPG"). ECF No. 320 at 1. Defendants argue the documents relating to an SEC investigation into HPG will be relevant and exculpatory to Defendant Herman and/or other Defendants. *Id.* at 2. According to Defendant Herman, "in so far as the Government contends that Mr. Herman was the 'mastermind' of the NERG scheme in this case, the fact that at least one of NERG's principals had experience in conducting such schemes long before Mr. Herman's involvement here is probative, exculpatory and legitimate impeachment material." *Id.* at 3. Defendant Herman further argues the

Government had knowledge of and access to the SEC's investigatory documents and the SEC was closely aligned with the prosecution, thus the Government must produce them. *Id.* at 5–6.

The Government objected during a status hearing, arguing the material in question would not be *Brady* or *Giglio* material. *See Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972). The Government claims the conduct involving HPG was a different type of scheme. Additionally, actions of the people involved in the HPG scheme would not be relevant to the guilt or innocence of the current Defendants. Finally, the Government argues the motion is late as it was filed one day before jury selection began and it further argues the SEC is not part of the prosecution team. *See* ECF No. 344.

Under *Brady*, the prosecution has a duty to disclose (1) material evidence that is (2) favorable to the defense. *McCormick v. Parker*, 821 F.3d 1240, 1246 (10th Cir. 2016); *United States v. Beers*, 189 F.3d 1297, 1303 (10th Cir. 1999). Information possessed by other branches of the federal government, including investigative officers, is typically imputed to the prosecution of the case. *Beers*, 189 F.3d at 1303. This imputation does not apply to all federal agencies, being limited to "agents of the prosecution" or members of the "prosecution team." *McCormick*, 821 F.3d at 1247. In *McCormick*, for example, the person in question "acted at the request of law enforcement in the pre-arrest investigation of a crime." 821 F.3d at 1248. Additionally, *Brady* does not require the prosecution to divulge every possible shred of evidence that could conceivably benefit the defendant. *See Beers*, 189 F.3d at 1304. Evidence is material only if there is a reasonable probability that,

had the evidence been disclosed to the defense, the result of the proceeding would have been different. *United States v. Bagley*, 473 U.S. 667, 681–82 (1985).

While the prosecution coordinated with the SEC to ensure they were not conducting parallel proceedings, the prosecution team did not direct the SEC to investigate or further continue their investigations. The prosecution created their team and conducted their own investigations, only reaching out to the SEC for information the SEC may have already had. The limited information provided by the SEC was provided to the Defendants and that information also did not yield any further cooperation between the prosecution team and the SEC. The work between the prosecution and the SEC was limited and not coordinated and the SEC cannot be said to be part of the prosecution team in this case. Because the SEC is not part of the prosecution team, the Government in this case does not have to provide SEC's investigative documents the prosecution does not possess.

Even if the SEC was found to be part of the prosecution team, SEC's investigations of HPG do not have to be provided because the evidence would not be material. The current Defendants are charged with conduct covered in Counts 13–19 of the Second Superseding Indictment. *See* ECF No. 65 at 7–22. Defendants are charged as to their own conduct and participation in an alleged scheme to defraud investors. *See id.* Whether they were fooled by an unnamed third person into their actions or not, that third person's involvement in a separate scheme not at issue in this trial is not exculpatory as to the actions of the current Defendants relating to the scheme at issue in the current trial. Whether or not the scheme, or any scheme, was already set in motion by a third person as to HPG, the current Defendants are charged for their alleged involvement in the pump and dump scheme

relating to NuTech Energy Resources, Inc. Their actions are at issue regardless of when and with which company the scheme began.

Because the Defendants' motion requests material from the SEC, which is not part of the prosecution team, and because the requested information would not yield exculpatory information due to the nature of the specific counts charged against the current Defendants, Defendants' Motion to Compel is denied.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Compel Discovery of Rule 16 And Brady Material in the Possession of Other Agencies (19-CR-26, ECF No. 320) is **DENIED**.

Dated this 24th day of September, 2021.

Alan B. Johnson
United States District Judge